UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

IN RE:

JOHN T. RYAN, III,

       Debtor.

Chapter 7
Case No. 05-17331-WCH

IRENE MACASKILL, DONALD
MACASKILL, SHELLY MACASKILL,
AND SCOTT MACASKILL,

       Plaintiffs,

vs.

JOHN T. RYAN, III,

       Defendant.

Adv. Pro. No. 06-1185

**MEMORANDUM OF DECISION**

I. **Introduction**

      The matter before the Court is the Motion to Dismiss Adversary Proceeding (the "Motion to Dismiss") in which the defendant and Chapter 7 debtor John T. Ryan, III ("Ryan") asks the Court to dismiss the complaint of Irene MacAskill, Donald MacAskill, Shelly MacAskill and Scott MacAskill (collectively, the "Plaintiffs") because they filed it after the deadline for filing objections to discharge. The Plaintiffs respond that the deadline for filing an objection to Ryan's discharge has not been established due to a discovery dispute. For the reasons stated below, I will deny the Motion to Dismiss.

1

II. **Facts**

In 1997, Ryan injured Irene MacAskill in a motor vehicle accident. Subsequently, Irene MacAskill obtained a $282,164 judgment against Ryan, and Donald, Shelly, and Scott MacAskill collectively obtained a $47,500 judgment against Ryan. According to the Plaintiffs, the judgment amount currently exceeds $588,102.51, including interest. The Plaintiffs state that they have been unable to collect the judgment.

Ryan filed a Chapter 7 bankruptcy petition on August 16, 2005. On September 19, 2005, the Plaintiffs filed their Motion for Order Directing Debtor, John T. Ryan, III, to Appear for Examination and Produce Documents. Ryan filed an opposition and the Plaintiffs filed their Amended Motion for Order Directing Debtor, John T. Ryan, III, to Appear for Examination and Produce Documents (the "Amended 2004 Exam Motion") several days later, which Ryan again opposed. In addition to requesting the presence of Ryan at a 2004 examination, the Amended 2004 Exam Motion also included a comprehensive document request and a request that Ryan produce the documents to the offices of the Plaintiffs' counsel at least seven days prior to the date of the examination.

On September 23, 2005, the Plaintiffs filed their Motion to Extend Time to File Adversarial Complaint (the "Motion to Extend Time"), in which they requested that the deadline for filing complaints objecting to discharge be extended to "90 days after the examination of the debtor pursuant to Rule 2004." Ryan filed an opposition. On October 19, 2005, I held a hearing on the Motion to Extend Time and the Amended 2004 Exam Motion. I overruled Ryan's objections and granted both of the Plaintiffs' motions as submitted.

For several months thereafter, there were no entries on the docket. The parties agree that

2

the oral examination of Ryan was conducted on December 6, 2005. On March 7, 2006, following a phone call from Ryan's counsel inquiring into the deadline for filing objections to discharge, I entered an Order requiring the Plaintiffs "to file with the Court a status report with respect to the [Order granting the 2004 Exam Motion] in which they set forth the date(s) of when they conducted and concluded the Rule 2004 examination of the Debtor." The Plaintiffs then filed a status report, to which Ryan responded. On March 17, 2006, the Plaintiffs filed their Complaint, initiating the instant case. Ryan responded with the Motion to Dismiss, which the Plaintiffs opposed in their Plaintiff's Verified Opposition to Defendant's Motion to Dismiss Adversary Proceeding (the "Opposition to the Motion to Dismiss"). I held a hearing on the Motion to Dismiss and took the matter under advisement.

III. **Analysis**

Ryan did not include in his Motion to Dismiss the rule pursuant to which he seeks dismissal. Because the Motion to Dismiss urges dismissal for failure to comply with the time limit for filing objections to discharge, I will evaluate the Motion to Dismiss as one made pursuant to Fed. R. Civ. P. 12(b)(6), which allows dismissal for failure to state a claim upon which relief can be granted. In evaluating the Motion to Dismiss, I must accept as true the facts pleaded in the Complaint and make all reasonable inferences in the Plaintiffs' favor. *Cogan v. Phoenix Life Ins. Co.*, 310 F.3d 238, 241 (1st Cir. 2002). If the Complaint presents any set of facts that justify recovery then dismissal under Fed. R. Civ. P. 12(b)(6) is inappropriate. *Cooperman v. Individual, Inc.*, 171 F.3d 43, 46 (1st Cir. 1999). The burden is on the movant to prove that the Complaint presents no claim upon which relief can be granted. *Int'l Shipping Agency, Inc. v. Union de Empleados de Muelles de Puerto Rico*, 21 F.Supp.2d 100, 103 (D. P.R.

3

1998).

The outcome of this contest depends upon my determination of when the 2004 examination of Ryan ended, triggering the start of the 90 day period after which the Plaintiffs would be prohibited from filing objections to discharge. If the 2004 examination ended on or before December 17, 2005,[1] then the Complaint is untimely and the Motion to Dismiss must be granted. If the 2004 examination of Ryan ended after December 17, 2005, then the Complaint is timely and the Motion to Dismiss must be denied. Specifically, the parties dispute whether the 2004 examination concluded at the end of the oral examination on December 6, 2005, or whether it was continued based upon Ryan's failure to produce the requested documents.

The Amended 2004 Exam Motion contains a request that Ryan deliver the requested documents to the offices of Plaintiffs' counsel at least seven days prior to the 2004 examination. When I granted the Amended 2004 Exam Motion on October 19, 2005, that request gained the force of an order of this Court.

Ryan and the Plaintiffs charge one another with causing various delays in the production of the documents requested in the Amended 2004 Exam Motion, but one thing is clear: Ryan did not deliver the documents to the office of Plaintiffs' counsel at least seven days prior to the 2004 examination, and therefore failed to comply with an order of this Court. Whether and when Ryan made the documents available for the Plaintiffs to copy at Ryan's counsel's office is irrelevant. Ryan's failure to deliver the requested documents to the Plaintiffs prior to the oral examination made it impossible for them to conduct a thorough and fully informed examination, and therefore

---

[1] December 17, 2005 falls ninety days before the date upon which the Plaintiffs filed the Complaint.

4

the 2004 examination did not end on December 6, 2005. Because Ryan did not deliver the requested documents by December 17, 2005, the 2004 examination cannot have concluded on or before that date. Therefore, the 90 day period after which objections to discharge are barred did not begin on or before December 17, 2005, the Complaint is timely, and the Motion to Dismiss must be denied.

IV. **Conclusion**

For the reasons stated above, Ryan's Motion to Dismiss is denied.

William C. Hillman
United States Bankruptcy Judge

Dated: 5/15/06

5